UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BYRON LAMAR JACKSON,         )
                             )
          Movant,            )
                             )
     v.                      )   No.  4:10-CV-1609 (CEJ)
                             )
UNITED STATES OF AMERICA,    )
                             )
          Respondent.        )

## MEMORANDUM

Before the Court is the amended motion of Byron Lamar Jackson to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 and his motion for a hearing.[1] The United States has filed a response in opposition.

### Background

After pleading guilty to money laundering, Jackson was sentenced to a 41-month term of imprisonment to be followed by a 3-year term of supervised release. *United States v. Byron Lamar Jackson*, Case No. 4:00-CR-34 (E.D. Mo.), Doc. # 77. Jackson's supervised release term began on April 15, 2003 and was to expire on April 14, 2006. On January 5, 2006, he was charged in an indictment with participating in a drug distribution conspiracy and distributing crack cocaine. *United States v. Byron Lamar Jackson, Case No. 4:06-CR-10 (E.D. Mo.), Doc. #1*. The new charge prompted the Probation Office to file a petition for revocation of Jackson's supervised release term.

---

[1] Jackson's initial motion was filed pro se. He thereafter retained counsel who filed the amended motion. The amended motion does not contain all of the claims asserted in the original motion. The Court will deem the omitted claims to be abandoned and will address only the claims asserted in the amended motion.

On February 21, 2006, the Court issued an arrest warrant on the petition. *Case No. 4:00-CR-34, Doc. # 85*.

Jackson pled guilty to the drug charges and was sentenced on December 21, 2006 to a 90-month term of imprisonment. *No. 4:06-CR-10, Doc. # 259.* The arrest warrant issued in the supervised release revocation proceedings was not served on Jackson until January 8, 2009. On January 14, 2009, after a hearing, the Court revoked Jackson's term of supervised release and sentenced him to a 24-month term of imprisonment to be served consecutively to the 90-month term that was imposed in the drug case. The judgment of revocation was affirmed on appeal. <u>United States v. Jackson</u>, *358 Fed.Appx. 755 (8th Cir. 2009)*.

### Discussion

Jackson asserts that the Court lacked jurisdiction to revoke his term of supervised release in January 2009, because his term had expired in April 2006. This claim was addressed by the court of appeals and rejected. *Jackson, 358 Fed.Appx. at 756-57.* Jackson cannot relitigate that claim in a § 2255 motion. <u>Bear Stops v. United States</u>, *339 F.3d 777, 780 (8th Cir. 2003);* <u>United States v. Holtzen</u>, *718 F.2d 876, 878 (8th Cir. 1983)*.

Jackson also appears to contend that his supervised release term expired in October 2005, several months before he was indicted in the drug case. He points to statements made by his attorney and a probation officer, during the December 2006 sentencing hearing, that there were no revocation proceedings pending or anticipated because his supervision had expired. *No. 4:06-CR-10, Doc. # 326, p.8.* The misstatements of counsel and the probation officer do not alter the fact that revocation

proceedings had in fact been commenced in February 2006 when the arrest warrant was issued.  Further, Jackson's contention that his supervised release term expired in October 2005 is not supported by the record.  Jackson could have made this argument in the appeal of the revocation judgment, but he failed to do so.   He cannot make the argument now because he has shown neither cause nor prejudice to excuse his procedural default.  See Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997); Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993).

Finally, Jackson claims that the lapse of time between issuance and execution of the arrest warrant violated his right to due process.  Again, this is a claim that could have been raised on appeal but was not.  Instead, Jackson argued that the delay was a violation of Fed. R. Crim. P. 32.1(a)(1), an argument that the court of appeals rejected.  Jackson, 358 Fed.Appx. at 757.  Jackson has not shown cause and prejudice to excuse his failure to raise the due process claim on appeal.  Therefore, it is procedurally barred.

### Conclusion

For the foregoing reasons, the Court concludes that motion and the files and records of this case show that Jackson is not entitled to relief under 28 U.S.C. § 2255 based on any of the claims he asserts in the amended motion.  Therefore, the motion will be denied without a hearing.  See Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).  Additionally, the Court finds that Jackson has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

An appropriate Order will accompany this Memorandum.

~~~
                                        _____
                                        CAROL E. JACKSON
                                        UNITED STATES DISTRICT JUDGE
~~~

Dated this 29th day of April, 2013.